UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WOODROW UNDERWOOD,

    Petitioner,

vs.  Case No. 2:08-cv-955-FtM-29DNF

STATE OF FLORIDA, PROSECUTOR B. CHAMBERS; DESOTO COUNTY SHERIFF'S OFFICE, VERNON KEEN; PUBLIC DEFENDER'S OFFICE, JAMES E. JACOBS AND ANDREW CUMMER; 12TH JUDICIAL CIRCUIT COURT JUDGE JAMES S, PARKER AND JUDGE DON T. HALL; DRUG INVESTIGATION DETECTIVES JOSHUA B. MUSE, PRODFIT, TEW, ROBBINS AND C.I. #08-017; TRANSPORTING OFFICER MARK DAVIS, JAIL CAPT. MCCLURE, JAIL LT. HARRIS; AND, DEPUTY CLERKS KENDRA AND MITZIE,

    Respondents.
_____

**ORDER OF DISMISSAL**

    This matter comes before the Court upon initial review of the file. Petitioner, who is a pretrial detainee at the DeSoto County Jail, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) on December 22, 2008 accompanied by an application to proceed *in forma pauperis* (Doc. #2). According to the Petition and exhibits attachments thereto, Petitioner is currently awaiting trial in the in case number 14-2008-CF-635 pending in the 12th Judicial Circuit Court, DeSoto County, on charges that he violated Florida Statute, Sections 893.13(1A) and 893.13(6A), the sale and possession of crack cocaine.

<u>See</u> Petition for Writ of Habeas Corpus filed in Case No. 2008-3223, 12th Judicial Circuit Court (State Petition), Affidavit for Arrest Warrant and State's Discovery Exhibit attached thereto, Exhibits F-1 and F-7, respectively.  Petitioner was arrested on August 8, 2008 pursuant to an arrest warrant is represented by counsel in the underlying criminal action.[1]  Petition at 7.  Petitioner claims that he was falsely arrested due to the "fraudulent issuance of arrest warrant."  Petition at 1.  In particular, Petitioner contends that his August 8, 2008 arrest was illegal because "he was arrested without a valid arrest report/(PCA), search warrant or a proper notice of the state charging information." Id. at 10.  Thus, Petitioner argues that "the evidence seized is illegal." <u>Id.</u>  Additionally, Petitioner challenges that his bail set by the circuit court at $20,000 ($10,000 per count) is excessive.  Petition at 11.  As relief, Petitioner requests that the Court "intervene and discharge [him] from this prosecution by the respondents." <u>Id.</u> at 17.  Petitioner states that he did not seek relief from the circuit court due to its "conspiracy" in this matter, but did file a habeas corpus petition and a petition for a rehearing with the appellate state court.  <u>Id.</u> at 1.  As evidence of exhaustion, Petitioner attaches the order issued by the Second District Court of Appeal denying Petitioner's State Petition

---

[1] From the time of his arrest until some time in December 2008, Petitioner was represented by James E. Jacobs, Assistant Public Defender. Thereafter, James Besting was assigned to handle Petitioner's representation. Petition at 7.

without opinion.  See Petition at 2, ¶3; <u>Underwood v. State of Florida</u>, Case Number 2D08-4717 (Fla. 2d DCA, Oct. 1, 2008), Exh. D.

Rule 4 requires this Court to "promptly examine" habeas corpus petitions and to order summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts are mandated by Rule 4 to pre-screen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  Here, the Court finds that it is clear from the face of the Petition that Petitioner is not entitled to relief pursuant to the <u>Younger</u> abstention doctrine.  In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. <u>See</u> also <u>Hughes v. Attorney General of Fla.</u>, 377 F.3d 1258, 1263 (11th Cir.2004); <u>Lawrence v. Miami-Dade County State Atty. Office</u>, 272 Fed. Appx. 781 (11th Cir. 2008).

Here, Petitioner does not allege the type of extraordinary circumstances that would permit this Court to intervene in Petitioner's ongoing state criminal proceedings.  In particular, Petitioner does not allege that the prosecution was brought to harass

him or otherwise motivated by bad faith. Nor does Petitioner make a showing that the is entitled to review under the "irreparable injury" exception. Further, proceedings to determine bail are properly subject to <u>Younger</u> abstention. <u>O'Shea v. Littleton</u>, 414 U.S. 488, 501 (1974).

**ACCORDINGLY**, it is now

**ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is dismissed without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __30th__ day of December, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-4-